**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2076-24

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

HARPAL SINGH,

    Defendant-Appellant.

_____

> Submitted December 17, 2025 – Decided January 6, 2026
>
> Before Judges Mayer and Jacobs.
>
> On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 11-06-0923.
>
> Harpal Singh, self-represented appellant.
>
> Yolanda Ciccone, Middlesex County Prosecutor, attorney for respondent (Elizabeth K. Gibbons, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Harpal Singh appeals from a January 28, 2025 order denying his third motion for a new trial based on the doctrine of collateral estoppel. We affirm.

The facts leading to defendant's October 7, 2013 convictions are detailed in State v. Singh, No. A-3203-13 (App. Div. Jan 23, 2017), certif. denied, 230 N.J. 560 (2017). We refer only to those facts necessary for disposition of this appeal.

We recite the procedural history relevant to defendant's third motion for a new trial based on newly discovered evidence. Defendant filed his first motion for a new trial in 2013, after a jury convicted him of felony murder, robbery, aggravated arson, and hindering an investigation. That new trial motion was denied. Defendant failed to provide information regarding the basis for his first new trial motion or the reason for the denial of that motion.

In December 2017, defendant filed a second motion for a new trial based on newly discovered evidence. According to defendant, information revealed in his pending civil litigation against the owner of a jewelry store contradicted the owner's testimony in defendant's criminal case.

During the criminal trial, the jewelry store owner testified defendant sold a single bracelet. In his answer to defendant's civil complaint, the owner claimed

defendant sold three gold rings. Defendant argued this contradiction constituted newly discovered exculpatory evidence warranting a new trial.

In a December 2018 order, the judge who heard argument on defendant's second new trial motion found defendant failed to demonstrate the evidence related to the items of jewelry sold by defendant was material or likely to have changed the jury's verdict. The judge cited the State's overwhelming evidence against defendant supporting the jury's guilty verdict notwithstanding the jewelry store owner's alleged contradictory testimony. The judge denied defendant's second motion for a new trial. Defendant did not appeal the denial of his second motion for a new trial.

On February 9, 2023, defendant filed a third motion for a new trial based on newly discovered evidence. On January 28, 2025, the judge denied defendant's motion, concluding defendant was collaterally estopped from asserting the same claims resolved in 2018 by the judge who denied defendant's second motion for a new trial. Defendant appealed the denial of his third motion for a new trial.

On appeal, defendant raises the following argument:

> THE DEFENDANT WAS DENIED DUE PROCESS AND A FAIR ADJUDICATION WHEN HIS MOTION FOR A NEW TRIAL BASED ON NEWLY

DISCOVERED EVIDENCE WAS DENIED
WITHOUT AN EVIDENTIARY HEARING.

A trial court's ruling on a motion for a new trial "shall not be reversed unless it clearly appears that there was a miscarriage of justice under the law." R. 2:10-1.  "[A] 'miscarriage of justice' can arise when there is a 'manifest lack of inherently credible evidence to support the finding,' when there has been an 'obvious over-looking or undervaluation of crucial evidence' or when the case culminates in a 'clearly unjust result.'"  Hayes v. Delamotte, 231 N.J. 373, 386 (2018) (quoting Risko v. Thompson Muller Auto. Grp., Inc., 206 N.J. 506, 521-22 (2011)).

"Under the doctrine of collateral estoppel, a matter that has actually been litigated and determined cannot be re-litigated."  State v. Kelly, 406 N.J. Super. 332, 344 (App. Div. 2009).  The application of the doctrine of collateral estoppel to foreclose re-litigation of an issue requires the following:

> (1) the issue to be precluded is identical to the issue decided in the prior proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the court in the prior proceeding issued a final judgment on the merits; (4) the determination of the issue was essential to the prior judgment; and (5) the party against whom the doctrine is asserted was a party to or in privity with a party to the earlier proceeding.
>
> [State v. Brown, 394 N.J. Super. 492, 502 (App. Div. 2007) (emphasis removed) (quoting First Union Nat'l

4

Bank v. Penn Salem Marina, Inc., 190 N.J. 342, 352 (2007)).]

In the context of a criminal case, collateral estoppel applies where a party has had their day in court on the issue and the opportunity to fully and fairly litigate the issue. State v. K.P.S., 221 N.J. 266, 278 (2015).

We are satisfied the judge did not abuse his discretion in denying defendant's third new trial motion based on the doctrine of collateral estoppel. The judge found defendant's third motion for a new trial "ma[de] the same arguments and raise[d] the same issues" as defendant's second new trial motion. Additionally, the judge held the 2018 order denying defendant's second motion for a new trial was "a final decision on the merits" of an "issue [that] was essential to the prior judgment."

The judge correctly concluded all five factors supported application of the doctrine of collateral estoppel to bar defendant's third new trial motion. The issue in the third new trial motion was identical to the issue raised and rejected in the second new trial motion. Further, the judge handling the second new trial motion rendered an adjudication on the merits and issued a final order which defendant never appealed. Finally, defendant was a party to both the second and third motions for a new trial.

A-2076-24

Defendant's second motion for a new trial focused on a discrepancy between a jewelry store owner's testimony during defendant's criminal trial and the store owner's answer to defendant's civil complaint. Five years after the denial of his second motion, defendant filed a third motion for a new trial raising the same alleged contradictory statements by the jewelry store owner.

In support of his third new trial motion, defendant also hired a private detective agency to find potential witness who might be able to testify regarding defendant's whereabouts at the time of the crime and to uncover video evidence from traffic cameras that may have shown that defendant's vehicle was not near the crime scene at the time of the crime. However, after completing an investigation, the agency found no witnesses or video evidence to support defendant's contentions in his third motion for a new trial.

Having reviewed the record, we are satisfied defendant's third motion for a new trial provided no new or additional information beyond the information presented and rejected in his second motion for a new trial. Therefore, the judge properly applied the doctrine of collateral estoppel in denying defendant's third motion for a new trial.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

6

A-2076-24